BUCHALTER
A Professional Corporation
OREN BITAN (SBN: 251056)
WILLMORE F. HOLBROW III (SBN: 169688)
AARON LEVINE (SBN: 299260)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-2457
Telephone: 213.891.0700
Fax: 213.896.0400
Email:  wholbrow@buchalter.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Vivera Pharmaceuticals, Inc., a Nevada corporation<br><br>Plaintiff,<br><br>vs.<br><br>Blaine Laboratories, Inc., a Delaware corporation;  Robert C. Blaine, an individual; Robert Onekea, an individual<br><br>Defendants. | Case No. _ 2:20-cv-02160<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**<br><br>**[DEMAND FOR JURY TRIAL]** |

## JURISDICTION, VENUE AND PARTIES

1. This is an action for preliminary and permanent injunctive relief and for monetary recovery/damages arising from Defendants, BLAINE LABORATORIES, INC., a California corporation, ROBERT C. BLAINE, an individual and ROBERT ONEKEA (hereinafter "Defendants") of 15 U.S.C. §§1114 and 1125(a), for trademark infringement, passing off, unfair competition and for relief in equity under the common law and the laws of the State of California.

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1338(a), 1338(b), and 15 U.S.C. §1121.

BUCHALTER
A Professional Corporation
Los Angeles

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

Case No.   2:20-cv-02160

3. Plaintiff, Vivera Pharmaceuticals, Inc. ("Vivera") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 4533 MacArthur Boulevard, #5049, Newport Beach, California 92660.

4. Vivera is informed and believes that at all times material hereto, Defendant Blaine Laboratories, Inc. is a California corporation with its principal place of business located at 11037 Lockport Place, Santa Fe Springs, California 90670.

5. Vivera is informed and believes that at all times material hereto, Defendant Robert C. Blaine was (i) an individual residing at 1901 Kashlan Road, La Habra Heights, CA 90631; and (ii) a manager, member, operator and controlling force of Defendant Blaine Laboratories, Inc., who committed the various acts complained of, within this Judicial District.

6. Vivera is informed and believes that at all times material hereto, Defendant Robert Onekea is (i) an individual residing in this judicial district, namely the city of Orange, California, with a business address located at 11037 Lockport Place, Santa Fe Springs, California 90670; and (ii) is a manager, designer and/or controlling force of Defendant Blaine Laboratories, Inc. who was directly involved with the commission of the various acts complained of, within this Judicial District.

7. This Court has general personal jurisdiction over Defendants, as Defendants do business in this judicial district, Defendants' conduct directly affect Vivera which resides in this judicial district, Defendants engage in direct marketing and advertising in California, and this Court has long arm jurisdiction over Defendants pursuant to California Civil Procedure §410.10 et seq.

8. Venue is proper in this district under 28 U.S.C. §1391(a), in that the Defendants are subject to personal jurisdiction in this District and under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claims

2

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

Case No.   2:20-cv-02160

occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Vivera is an innovative, science-driven pharmaceutical company focused on opioid deterrence and cessation, non-addictive solutions for pain management and methods for treating damaged skin.

10. Since at least as early as October 2018, Vivera has been using SILTREX as a trademark ("SILTREX® Mark"), on pharmaceutical preparation and substances for the treatment of damaged skin and tissue. As a result, Vivera has created a significant amount of goodwill and consumer recognition in the SILTREX® Mark, creating an association, in the minds of purchasers, between Vivera and the SILTREX® Mark.

11. Vivera is also the owner of U.S. Trademark Registration No. 5,956,872, registered on January 7, 2020, for SILTREX® for use on *"pharmaceutical preparations and substances for the treatment of damaged skin and tissue; pharmaceutical preparations for skin care; pharmaceutical preparations for use in dermatology; dermatological pharmaceutical products; drug delivery agents in the form of gel-matrix films that facilitate the delivery of pharmaceutical preparations; none of the aforesaid marketed to plastic or cosmetic surgeons performing implants or tissue expansion or directed for use in plastic or cosmetic surgery related to implants or tissue expanders."*

12. At some point, well after Vivera began offering products under its SILTREX® Mark, Defendants began marketing and selling products, including without limitation, a gel pad designed for use in the management and prevention of scars, which are the same types of products offered by Vivera under its SILTREX® Mark, under the similar SILBRX brand. (See images attached as Exhibit A, hereinafter referred to as the "Accused Products".)

3

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

Case No.   2:20-cv-02160

13. Defendants market their goods through the same or similar channels as Vivera markets its goods.

14. Defendants did not have Vivera's authorization to use a confusingly similar mark on such products.

15. Defendants were well aware of Vivera's prior rights in the SILTREX® Mark, as it received notice of Vivera's use of SILTREX®, at least as early as October 2018.

16. Defendants' use in commerce of the SILBRX mark is causing and is likely to continue to cause confusion, deception and mistake in the minds of the public with respect to the origin and source of the products.

17. Defendants' goods, which feature the SILBRX mark, are such that prospective purchasers or consumers of the goods of Defendant and the goods of Vivera, are likely to be confused as to source.

18. Vivera is informed and believes that Defendants deliberately began using the SILBRX mark, in order to trade upon the goodwill which Vivera has developed in connection therewith, and to lead customers to believe that Vivera is the source of such products and services, which in fact do not originate with Vivera and are not sponsored by, or affiliated with Vivera.

19. Defendants intentionally and knowingly misappropriated Vivera's SILTREX® Mark with oppression, fraud and malice.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT

20. Vivera realleges and incorporates herein by reference paragraphs 1 to 19 above.

21. Defendants' continued and unauthorized use of the SILBRX mark constitutes trademark infringement under 15 U.S.C. §1114.

22. Defendants' wrongful use in commerce of the SILBRX mark is likely

4

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

Case No. 2:20-cv-02160

to (i) cause confusion and mistake in the minds of the public with respect to the origin, affiliation, and source of Defendants' products and (ii) to deceive purchasers and users of such products into believing that Vivera controls the quality thereof and endorses the same.

23. Defendants' acts of trademark infringement are willful and have been committed with the intent to cause confusion, mistake, and deception.

24. As a direct and proximate result of Defendants' wrongful acts, Vivera has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendants will continue, unless restrained, to use Vivera's trademark and will cause irreparable damage to Vivera. Vivera has no adequate remedy at law. Vivera is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of trademark infringement.

25. Vivera is further entitled to recover from Defendants, damages sustained by Vivera as a result of Defendants' wrongful acts. Vivera is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of trademark infringement.

26. Vivera is further entitled to recover from Defendants the gains, profits and advantages Defendants have obtained as a result of its wrongful acts. Vivera is presently unable to ascertain the full extent of the gains, profits and advantages Defendants have realized by reason of its acts of trademark infringement.

## SECOND CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

27. Vivera realleges and hereby incorporates by reference paragraphs 1 to 26 above.

28. Defendants' actions constitute a false designation of origin in violation of 15 U.S.C. §1125(a).

29. As a direct and proximate result of Defendants' wrongful acts, Vivera has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendants will continue, unless restrained, to use marks confusingly similar to Vivera's SILTREX® Mark and will cause irreparable damage to Vivera. Vivera has no adequate remedy at law. Vivera is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin.

30. Vivera is further entitled to recover from Defendants damages sustained by Vivera as a result of Defendants' wrongful acts. Vivera is presently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendants' acts of false designation of origin.

31. Vivera is further entitled to recover from Defendants the gains, profits and advantages Defendants have obtained as a result of its wrongful acts. Vivera is presently unable to ascertain the full extent of the gains, profits and advantages Defendants have realized by reason of its acts of false designation of origin.

### THIRD CAUSE OF ACTION
### UNFAIR COMPETITION

32. Vivera hereby incorporates by reference paragraphs 1 to 31 above.

33. Defendants' actions constitute unfair competition under the common law.

34. As a direct and proximate result of Defendants' wrongful acts, Vivera has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendants will continue, unless restrained, to use Vivera's SILTREX® Mark and will cause irreparable damage to Vivera. Vivera has no adequate remedy at law. Vivera is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert

with them from engaging in further acts of unfair competition.

35. Vivera is further entitled to recover from Defendants damages sustained by Vivera as a result of Defendants' wrongful acts. Vivera is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of unfair competition.

36. Vivera is further entitled to recover from Defendants the gains, profits and advantages Defendants have obtained as a result of their wrongful acts. Vivera is presently unable to ascertain the full extent of the gains, profits and advantages Defendants have realized by reason of its acts of unfair competition.

37. Defendants have engaged in such misconduct with a conscious, deliberate, intentional and/or reckless disregard of the rights of Vivera and the public; Vivera is therefore entitled to punitive damages to deter Defendants and others from again engaging in such misconduct in an amount to be established at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Vivera prays that this Court enter judgment as follows:

1. Finding that Defendants have violated 15 U.S.C. §1114, 15 U.S.C. §1125(a), and the common law, has infringed Vivera's SILTREX® Mark, has unfairly competed with Vivera by falsely designating the origin of its products and has engaged in other acts of unfair competition;

2. Ordering that Defendants and their officers, agents, servants, employees and attorneys and all persons in active concert or participation with any of the foregoing, be enjoined preliminarily during the pendency of this action and permanently thereafter from:

    a. Offering for sale, soliciting sales, or selling any products in any product under any mark, name, symbol, logo, or other indicia that incorporates or is confusingly similar to Vivera's SILTREX® Mark,

including without limitation SILBRX;

   b. Offering for sale, soliciting sales, or selling any product designed for use in the management and prevention of scars in any medium, under any mark, name, symbol, logo, or other indicia which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants' products or services originate from Vivera, or that Defendants or their agents are authorized by Vivera or are endorsed by Vivera or are sponsored by Vivera, or are connected in some way with Vivera or Vivera's SILTREX® Mark;

   c. Using false designations or from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition with Vivera and from otherwise interfering with, or injuring Vivera's trademark or the goodwill associated therewith;

   d. Infringing upon the SILTREX® Mark;

   e. Unfairly competing with Vivera in any manner whatsoever;

  3. Ordering that Vivera is the exclusive owner of the SILTREX® Mark and that such mark is valid and enforceable;

  4. Ordering that Defendants deliver to Vivera for destruction all signs, products, advertisements, literature, and any other promotional material, which feature the SILBRX or any other trademarks confusingly similar to Vivera's mark;

  5. Ordering that Defendants account to Vivera for, and disgorge, all profits Defendants have derived by reason of the wrongful acts described above, including without limitation the revenue/profits realized from using, benefitting from or selling products bearing the SILBRX mark;

  6. Granting an award of damages suffered by Vivera according to proof at the time of trial herein, and an accounting of Defendants' profits as a result of Defendants' aforesaid acts of infringement in violation of Vivera's rights under the Lanham Act;

8

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

Case No.   2:20-cv-02160

7. Granting an award of three times the amount of compensatory damages and profits pursuant to 15 U.S.C. §1117 and punitive damages in an amount to be established at trial;

8. Ordering that Defendants pay Vivera reasonable attorney's fees, prejudgment interest, and costs of this action under 15 U.S.C. §1117, and other and further legal and equitable relief as is just and proper;

9. Ordering that Defendants be directed under 15 U.S.C. §1116 to file with the Court and serve upon Vivera within thirty (30) days after the issuance of any injunction a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; and

10. Granting an award of Vivera's costs, expenses and reasonable attorneys' fees and other and further relief as is just and proper.

BUCHALTER
A Professional Corporation

Dated: March 5, 2020        /s/ Willmore F. Holbrow, III
                                        OREN BITAN
                                        WILLMORE F. HOLBROW III
                                        AARON LEVINE
                                        Attorneys for Plaintiff
                                        VIVERA PHARMACEUTICALS, INC.

## DEMAND FOR JURY TRIAL

Vivera hereby demands a trial by jury of all claims triable by jury.

BUCHALTER
A Professional Corporation

Dated: March 5, 2020   /s/ Willmore F. Holbrow, III
OREN BITAN
WILLMORE F. HOLBROW III
AARON LEVINE
Attorneys for Plaintiff
VIVERA PHARMACEUTICALS, INC

BUCHALTER
A Professional Corporation
Los Angeles

10

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

Case No. 2:20-cv-02160