1  Robert Muller (SBN 189651)
   bob@cypressllp.com
2  Douglas Roy (SBN 241607)
   doug@cypressllp.com
3  Jared L. Watkins (SBN 300393)
   jared@cypressllp.com
4  **CYPRESS LLP**
   11111 Santa Monica Boulevard, Suite 500
5  Los Angeles, CA 90025
   Telephone:    424-901-0123
6  Facsimile:    424-750-5100

7  Attorneys for Defendants
   Blaine Laboratories, Inc.,
8  Robert C. Blaine, and Robert Onekea

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12  VIVERA PHARMACEUTICALS,          Case No. 2:20-CV-02160-GW (MAAx)
    INC., a Nevada corporation,
13                                   Hon. George H. Wu
              Plaintiff,
14                                   NOTICE OF MOTION AND MOTION
                                     OF DEFENDANTS BLAINE
15       vs.                         LABORATORIES, INC., ROBERT C.
                                     BLAINE, AND ROBERT ONEKEA TO
16                                   DISMISS COMPLAINT;
    BLAINE LABORATORIES, INC., a     MEMORANDUM OF POINTS AND
17  Delaware corporation; ROBERT C.  AUTHORITIES
    BLAINE, an individual; ROBERT
18  ONEKEA, an individual,           Date:      June 4, 2020
                                     Time:      8:30 a.m.
19            Defendants.            Location:  Courtroom 9D, 9th Floor
                                                First Street Courthouse
20                                              350 W First Street
                                                Los Angeles, CA 90012
21

22                                   [Filed Concurrently with Declaration of
                                     Robert Muller In Support and Proposed
23                                   Order]

24

25

26

27

28

_____
          DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 4, 2020, at 8:30 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Hon. George H. Wu, located in Courtroom 9D of the United States Courthouse, 350 W. First Street, Los Angeles, California 90012, Defendants Blaine Laboratories, Inc. ("Blaine Labs"), Robert C. Blaine ("Dr. Blaine"), and Robert Onekea (collectively "Defendants") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Vivera Pharmaceuticals, Inc.'s ("Vivera") Complaint in its entirety and with prejudice, for the following reasons:

1) Vivera fails to state more than conclusory allegations in support of its causes of action for trademark infringement, false designation of origin, and unfair competition against Defendants, thereby falling short of the federal pleading requirements under *Ashcroft v. Iqbal*, 556 U.S. 544 (2009) ("*Iqbal*") and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*").

2) Further, Vivera's causes of action for trademark infringement under 15 U.S.C. § 1114 and false designation of origin under 15 U.S.C. § 1125(a) are both subject to a "commercial use" requirement, which Vivera has not supported with sufficient factual allegations. *See Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005); *Summit Tech., Inc. v. High-Line Med. Instruments, Co.*, 933 F. Supp. 918, 928 (C.D. Cal. 1996). Furthermore, since Blaine Labs has never sold or offered for sale any product in connection with the accused infringing name SILBRX, there is no set of facts upon which Vivera can amend its complaint to assert any viable claims under the Lanham Act.

3) Vivera's unfair competition cause of action is derivative of its causes of action under the Lanham Act. Therefore, it fails for the same reasons that

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

the Court should dismiss the first and second causes of action. *See Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135 (9th Cir. 2002).

4) The causes of action stated individually against Dr. Blaine and Mr. Onekea are based solely on conduct on behalf of Blaine Labs and thus fail because Vivera's causes of action against Blaine Labs fail on the above-stated grounds. In addition, there are no factual allegations as to how Dr. Blaine and Mr. Onekea were the "controlling force" behind Blaine Labs' allegedly wrongful conduct sufficient to make them individually liable.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on Wednesday, April 22, 2020. Declaration of Robert Muller, ¶¶ 1-4, and Exhibit 1. Notwithstanding the good faith meet and confer efforts, the parties were unable to come to an agreement that would obviate the need for the filing of this Motion. *Id.*

The Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed declaration of Robert Muller, all of the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

**CYPRESS LLP**

Dated: May 1, 2020          By:     */s/ Robert Muller*
                                         Robert Muller
                                         Douglas P. Roy
                                         Jared L. Watkins

                                         Attorneys for Defendants
                                         Blaine Laboratories, Inc., Robert C. Blaine, and
                                         Robert Onekea

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

# **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................. 1

II.    SUMMARY OF THE DEFICIENT FACTUAL ALLEGATIONS
       FROM THE COMPLAINT ................................................................. 3

       A.    There Are No Particularized Allegations About Blaine Labs'
             "Commercial Use" Of The Allegedly Infringing Mark ................ 3

       B.    The Allegations Against Dr. Blaine And Mr. Onekea Are Also
             Threadbare Legal Assertions; There Are No Supporting Factual
             Allegations .................................................................................... 4

III.   LEGAL STANDARD ......................................................................... 5

       A.    Failure To State A Claim – FRCP 12(b)(6) ................................. 5

       B.    "Commercial Use" Is A Required Element Of Plaintiff's Claims. 6

IV.    ALL THREE CAUSES OF ACTION FAIL TO ALLEGE
       SUFFICIENT FACTS TO STATE A CLAIM .................................... 7

       A.    The Complaint Consists Entirely Of Threadbare Recitations of
             Claim Elements ............................................................................ 7

       B.    Vivera's Reliance On "Naked" Assertions And An Unidentified
             Attachment To Allege "Commercial Use" Does Not Pass Muster
             Under *Iqbal* and *Twombly* ............................................................. 8

       C.    The Cause Of Action For Unfair Competition Is Derivative Of
             The Lanham Act Causes Of Action, And Thus Also Fails ........... 10

       D.    Causes Of Action Against Dr. Blaine And Mr. Onekea,
             Individually, Fail Because There Are No Factual Allegations
             That They Were The "Controlling Force" ..................................... 10

V.     CONCLUSION .................................................................................. 11

C Y P R E S S   L L P
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Ashcroft v. Iqbal,*
   556 U.S. 544 (2009)...............................................................2, 5, 7, 8, 9

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)...........................................................2, 5, 6, 7, 8, 9

*Bosley Medical Institute, Inc. v. Kremer,*
   403 F.3d 672 (9th Cir. 2005) ...............................................................6, 8

*Bossen Architectural Millwork, Inc. v. Kobolak & Sons, Inc.,*
   2015 WL 7302162 (D.N.J. November 18, 2015), *order amended,*
   2015 WL 9701587 (D.N.J. November 23, 2015) .............................10

*Entrepreneur Media, Inc. v. Smith,*
   279 F.3d 1135 (9th Cir. 2002) ...........................................................7, 10

*Hancock Park Homeowners Ass'n Est.1948 v. Hancock Park Home*
   *Owners Ass'n,*
   2006 WL 4532986 (C.D. Cal. September 20, 2006) ...........................6

*Indiana Plumbing Supply v. Standard of Lynn Inc.,*
   880 F. Supp. 743 (C.D. Cal. 1995) ...................................................11

*Maya v. Centex Corp.,*
   658 F.3d 1060 (9th Cir. 2011) .............................................................5

*Micro/sys, Inc. v. DRS Techs., Inc.,*
   2015 WL 12748630 (C.D. Cal. Feb. 13, 2015) .......................7, 8, 9, 12

*POM Wonderful LLC v. Purely Juice, Inc.,*
   362 F. App'x 577 (9th Cir.2009) .......................................................11

*Summit Tech., Inc. v. High-Line Med. Instruments, Co.,*
   933 F. Supp. 918 (C.D. Cal. 1996) ....................................................6

**Statutes**

15 U.S.C. Section 1114(1)(a)............................................................6, 9

Lanham Act.........................................................2, 7, 8, 9, 10, 12

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This action for alleged trademark infringement is just one of many by Vivera Pharmaceuticals, Inc., and its principal, Paul Edalat, against Blaine Laboratories, Inc. and its principal, Dr. Robert Blaine. Like the other lawsuits, this action is frivolous. It is based on Plaintiff's threadbare recitals of cause of action elements, supported only by conclusory statements, many of which are based solely on "information and belief."

This Court must dismiss Vivera's complaint in its entirety since it fails, as a matter of law, to allege facts sufficient to state a claim based on actual "commercial use" or actual damages. The request for injunctive relief likewise is not supported by any factual allegation that there is any present or threatened infringement to support the relief.

There is only one conclusory allegation in the complaint that Blaine Labs makes commercial use of the SILBRX name:[1] "[Paragraph] 12. At some point . . . Defendants began marketing and selling products . . . under the similar SILBRX brand. (See images attached as Exhibit A . . .)." This allegation makes vague and bald conclusions ("at some point in time" Blaine Labs "began marketing and selling products") without providing a single supporting fact.

Instead, Vivera relies on a *parenthetical* reference to an attachment without any supporting factual allegation, as if the attachment "speaks for itself." It does not. There is no factual allegation concerning anything about the attachment, particularly its source, purpose, or whether Blaine Labs actually ever engaged in commercial use of a product under the name SILBRX. Nor could there be since

---

[1] Defendants do not admit by this motion that the name "SILBRX" – even if it had been used by Blaine Labs in connection with the sale or offer of sale of products, which it was not – would constitute trademark infringement of the "SILTREX" mark, of which Vivera alleges to be the owner.

MEMORANDUM OF POINTS AND AUTHORITIES

Defendants have never sold, or offered for sale, any product under the SILBRX name.

That there are no facts to support Vivera's causes of action was confirmed during the parties' meet and confer prior to this motion. (Robert Muller Declaration, ¶¶ 2, 3.) The Plaintiff's response will simply be, "discovery will determine" whether there is any evidence to support the causes of action. The problem for Vivera is that the law has long since disallowed causes of action based on mere conjecture. See *Ashcroft v. Iqbal*, 556 U.S. 544 (2009) ("*Iqbal*") and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). Vivera knows that but is using this lawsuit as another means to hurt Blaine Labs.

The complaint likewise is devoid of any factual allegations that would support liability against Dr. Blaine and Mr. Onekea, individually. Paragraphs 5 and 6, both of which are asserted 'upon information and belief,' contain no factual allegations as to how Dr. Blaine and Mr. Onekea were the "controlling force" behind Blaine Labs' allegedly wrongful conduct. They merely assert the legal conclusion. As such, the allegations are deficient.

The third cause of action for unfair competition is contingent upon the viability of the first two causes of action. Consequently, that cause of action fails with the others.

The court should grant Defendants Blaine Labs, Dr. Blaine, and Mr. Onekea's motion to dismiss all of the causes of action in their entirety. Furthermore, since Blaine Labs has never sold or offered for sale any product in connection with the accused infringing name SILBRX, there is no set of facts upon which Vivera can amend its complaint to assert any viable claims under the Lanham Act.

/ / /

/ / /

/ / /

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

## II.  SUMMARY OF THE DEFICIENT FACTUAL ALLEGATIONS FROM THE COMPLAINT[2]

### A. There Are No Particularized Allegations About Blaine Labs' "Commercial Use" Of The Allegedly Infringing Mark.

All three causes of action, drafted in a shotgun pleading style, concern Blaine Labs' alleged marketing and sale of products under the SILBRX brand. The only relevant allegations regarding Blaine Labs' commercial use of SILBRX are in Paragraphs 12 and 13. Paragraph 12 alleges:

> At some point, well after Vivera began offering products under its SILTREX® Mark, Defendants began marketing and selling products, including without limitation, a gel pad designed for use in the management and prevention of scars, which are the same types of products offered by Vivera under its SILTREX® Mark, under the similar SILBRX brand. (See images attached as Exhibit A, hereinafter referred to as the "Accused Products".)

The attachment is an unidentified document, from an unidentified source. Vivera does not allege what it contends the document to be, where it came from, or what purpose it served. It does not address whether any product is, or ever was, available for sale or purchase, or when, where, or to whom sales were made. The Complaint does not allege how the attachment constitutes consumer advertising.

Paragraph 13, in a single sentence, alleges only a threadbare claim element: "Defendants market their goods through the same or similar channels as Vivera markets its goods."

---

[2] The allegations in the Complaint are presumed to be true for purposes of a motion to dismiss, however the Defendants' citations to the Complaint are not intended as, and should not be construed as, admissions to their veracity.

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

Each of the remaining paragraphs in the "factual allegations" portion of the complaint is a similarly threadbare recitations of claim elements, without a single fact alleged to support it:

- ¶ 15, Defendants were aware of prior rights based on having "received notice" of Vivera's alleged prior use;

- ¶¶ 16-17, Defendants' "use in commerce" caused consumer confusion;

- ¶ 18, Defendants "deliberately began using" the mark to lead consumers into a false belief about the "origin" of Blaine Labs' so-called product (another allegation made "on information and belief"); and

- ¶ 19, Defendants "intentionally and knowingly misappropriated [sic] Vivera's" trademark.

The allegations in the causes of action themselves likewise recite mere threadbare claim elements; they are devoid of factual allegations. (First Cause of Action – Federal Trademark Infringement (15 U.S.C. § 1114), ¶¶ 20-26; Second Cause of Action – False Designation of Origin (15 U.S.C. § 1125(a)), ¶¶ 27-31[3]; and Third Cause of Action – Unfair Competition, ¶¶ 32-37).

**B. The Allegations Against Dr. Blaine And Mr. Onekea Are Also Threadbare Legal Assertions; There Are No Supporting Factual Allegations.**

The Complaint's sole allegation regarding Dr. Blaine's involvement is a boilerplate allegation that he is "a manager, member, operator and/or controlling force of Defendant Blaine Laboratories, Inc. who committed the various acts complained of, within this Judicial District." *Id.*, ¶ 5. The allegation is made on 'information and belief.'

---

[3] Oddly, the second cause of action incorporates by reference the allegations of the first cause of action (see ¶ 27), which amounts merely to incorporating the legal allegations of the former claim.

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

Similarly, the Complaint's sole allegation regarding Mr. Onekea's involvement is a boilerplate allegation that he is "a manager, designer and/or controlling force of Defendant Blaine Laboratories, Inc. who was directly involved with the commission of the various acts complained of, within this Judicial District." *Id.*, ¶ 6. This allegation also is made on 'information and belief.'

The Complaint does not allege any unlawful or improper conduct by either individual outside of their respective functions on behalf of Blaine Labs.

## III.  LEGAL STANDARD

### A. Failure To State A Claim – FRCP 12(b)(6).

"A motion to dismiss should be granted if a plaintiff fails to plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (internal quotation marks omitted). A claim has facial plausibility *only* when the plaintiff pleads sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678. The Ninth Circuit has applied these standards: "the reviewing court, though crediting factual assertions made in the pleadings, is not required to credit legal conclusions." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (internal citations omitted).

"[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, […] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of a cause of actions' elements will not do." *Twombly*, 550 U.S. at 545.

### B. "Commercial Use" Is A Required Element Of Plaintiff's Claims.

First Cause of Action for Trademark Infringement:

Under Section 1114(1)(a), a claim may be brought against any person who, without the registered trademark owner's consent, "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services ... which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114.

However, trademark infringement claims under Section 1114 of the Lanham Act are "subject to a commercial use requirement." *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005).

Second Cause of Action for False Designation of Origin:

Section 1125(a) of the Lanham Act also contains a "commercial use" element. *See Hancock Park Homeowners Ass'n Est.1948 v. Hancock Park Home Owners Ass'n*, 2006 WL 4532986 (C.D. Cal. September 20, 2006); *Summit Tech., Inc. v. High-Line Med. Instruments, Co.*, 933 F. Supp. 918, 928 (C.D. Cal. 1996) (reciting the necessary elements, including "use [] in connection with goods or services").

The meaning of "commercial use" in both Section 1114 and Section 1125 is "roughly analogous" and refers to the use of an offending mark "in connection with a sale of goods or services." *Bosley*, 403 F.3d at 676-77.

The Lanham Act's "commercial use" requirement serves the act's purpose "to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers." *Id.*, quoting *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 774 (1992).

C Y P R E S S   L L P
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

Third Cause of Action for Unfair Competition:

Plaintiff's cause of action for unfair competition is derivative of its causes of action under the Lanham Act, and thus also includes a "commercial use" requirement. *See Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1153 (9th Cir. 2002).

## IV.  ALL THREE CAUSES OF ACTION FAIL TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM

### A. The Complaint Consists Entirely Of Threadbare Recitations of Claim Elements.

Plaintiff's three causes of action each fails because of the Complaint's wholesale reliance on conclusory allegations, which do not satisfy federal pleading requirements and are not entitled to a presumption of truth.

Each of the allegations in the "factual allegations" portion of the Complaint, (*see* Section II.A., *infra*), is nothing more than a formulaic recitation of the elements underlying Vivera's three causes of action. Each is devoid of factual support.

The allegations in the causes of actions themselves (Compl., ¶¶ 20-37) suffer the same deficiency; they are threadbare recitations of claim elements. The "incorporation by reference" of the "factual allegations" portion of the complaint (¶¶ 20, 27, 32) does nothing to fix the problem because, as noted above, the "factual allegations" section of the Complaint is likewise threadbare.

The Complaint should be dismissed due to Vivera's failure to sufficiently plead **every element** of each of its three causes of action. *Twombly*, 550 U.S. at 557, 570; *Iqbal*, 556 U.S. at 663. Moreover, Vivera cannot cure these deficiencies because the accused SILBRX trademark has never been used in commerce by Defendants, and no products have ever been sold or offered for sale using the SILBRX name.

Case law in this district supports dismissal now. In *Micro/sys, Inc. v. DRS Techs., Inc.*, 2015 WL 12748630 (C.D. Cal. Feb. 13, 2015), this Court considered

whether USPS's use of Plaintiff's tradename and product numbers in identifying and soliciting "knock-off" parts constituted "commercial use" within the meaning of the Lanham Act. Although the use was "commercial" in that it was part of a commercial transaction, the allegations failed to state a Lanham Act claim because USPS was not alleged to have used the marks to sell competing products. *Id.* at *6. Citing the 9th Circuit's decision in *Bosley*,[4] the court found that, because USPS's alleged use was for internal purposes, the dangers that the Lanham Act was designed to address were not present. *Id.* at *6.

Notably, the court granted USPS's 12(b)(6) motion without leave to amend with respect to plaintiff's trademark infringement and false designation of origin claims because amendment would be futile. *Id.* at *5.

### B. Vivera's Reliance On "Naked" Assertions And An Unidentified Attachment To Allege "Commercial Use" Does Not Pass Muster Under *Iqbal* and *Twombly*.

Without any factual support, Vivera asserts that Blaine Labs "began marketing and selling products . . . under the similar SILBRX brand" through the "same or similar channels as Vivera markets its goods." Compl., ¶¶ 12, 13. This is nothing more than a formulaic, unsupported recitation of commercial use.

Neither allegation provides any supporting factual allegation regarding any allegedly infringing use. Vivera fails to indicate how Blaine Labs allegedly marketed the products, the marketing channels allegedly used (other than the "same or similar" to Vivera's), to whom the marketing was directed, or when the marketing allegedly occurred. Likewise, it fails to identify that any advertisement,

---

[4] "The Supreme Court has made it clear that trademark infringement law prevents only unauthorized uses of a trademark in connection with a commercial transaction in which the trademark is being used to confuse potential consumers." *Bosley*, 403 F.3d at 676 (disgruntled customer's use of mark absent advertising or sale of competing products did not violate Lanham Act).

MEMORANDUM OF POINTS AND AUTHORITIES

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

distribution, offering, or sales actually occurred in connection with actual sales of the product using the SILBRX name.

Vivera's only factual allegation is its incorporation by reference of an unidentified, unexplained attachment. Vivera does not identify what the attachment purports to be, who created it, where it was obtained, or how it was actually used to offer for sale or sell a product. The attachment does not indicate whether a competing product is or ever was available for sale or purchase, or whether any sales were made. Since Blaine Labs has never actually offered for sale or sold a product using the SILBRX name, Vivera will not be able to allege such.

Vivera's conclusory allegations here are not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 680 (conclusory allegations of discriminatory purpose not sufficient to trigger presumption); *Twombly*, 550 U.S. at 564-67 (In antitrust action, "[w]ithout more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.") Without allegations of advertising or sales, the Court can only speculate as to whether infringing conduct has occurred, which is insufficient to establish plausibility under federal pleading requirements. *See Twombly*, 550 U.S. at 555. And, like in *Micro/sys, Inc.*, the absence of a connection to the sale of goods means that the dangers that the Lanham Act is designed to address are not present here.

In *Eclipse Group LLP v. Eclipse IP LLC*, the defendant filed a motion to dismiss claims for service mark infringement under 15 U.S.C. Section 1114(1)(a), false designation of origin, and unfair competition. 2014 WL 2511576, *1 (S.D. Cal. June 3, 2014). Notwithstanding allegations that defendant used the allegedly infringing mark in patent "troll" activities, including filing numerous patent infringement lawsuits, the court granted the motion because the complaint "is devoid of allegations that Defendant used the mark in connection with the sale of goods or services" *Id.* at *2.

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

The same outcome is required here, where Vivera has alleged even fewer facts. However, unlike in *Eclipse*, Vivera cannot cure this fatal defect because Blaine Labs has not used SILBRX in any commercial endeavor.

### C. The Cause Of Action For Unfair Competition Is Derivative Of The Lanham Act Causes Of Action, And Thus Also Fails.

Vivera's cause of action for unfair competition is predicated on Blaine Labs' alleged trademark infringement and false designation of origin. Because Vivera has not adequately pled "commercial use" by Blaine Labs such that Vivera's Lanham Act causes of action both fail, Vivera's cause of action for unfair competition necessarily fails too. *See Entrepreneur Media, Inc.*, 279 F.3d at 1153.

### D. Causes Of Action Against Dr. Blaine And Mr. Onekea, Individually, Fail Because There Are No Factual Allegations That They Were The "Controlling Force."

As a preliminary matter, the allegations against Dr. Blaine and Mr. Onekea are based solely on conduct on behalf of Blaine Labs. *See* Complaint, ¶¶ 5-6 (alleging that Dr. Blaine was Blaine Labs' "manager, member, operator and/or controlling force" and Onekea was its "manager, designer and/or controlling force"). Therefore, because Plaintiff's causes of action against Blaine Labs fail as discussed above, the causes of action against Dr. Blaine and Mr. Onekea also fail. *See Bossen Architectural Millwork, Inc. v. Kobolak & Sons, Inc.*, 2015 WL 7302162 (D.N.J. November 18, 2015), *order amended*, 2015 WL 9701587 (D.N.J. November 23, 2015) (granting officer's motion to dismiss for failure to state a claim where no cause of action against company and no allegation that that officer committed violations of the Lanham Act on his own behalf).

Even if the causes of action are not dismissed in their entirety, the Court should dismiss the causes of action as to Dr. Blaine and Mr. Onekea, individually. The allegations concerning Dr. Blaine and Mr. Onekea are threadbare recitations, made on "information and belief," with conclusory statements. (Compl., ¶¶ 5-6.)

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

The complaint alleges that Dr. Blaine was an officer of Blaine Labs, but fails to allege any facts as to why he would not benefit from the protections afforded by the corporate structure itself. There is just the naked assertion that he was a "controlling force," which as discussed below is not sufficient as a matter of law to plead these claims against him individually. The same argument applies equally, if not more so, as to Mr. Onekea. Moreover, the complaint equivocates as to whether Mr. Onekea is a "manager," "designer," "and/or controlling force" concerning the alleged trademark infringement. This is hardly the type of pleading that would justify adding Mr. Onekea as a party here.

" "Cases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct or the 'central figure' in the challenged corporate activity." *Indiana Plumbing Supply v. Standard of Lynn Inc.*, 880 F. Supp. 743 (C.D. Cal. 1995) (*quoting Davis v. Metro Productions, Inc.*, 885 F.2d 515, n. 10 (9th Cir. 1989)). Direct liability may be based on the authorization, direction, or participation in the infringement. *See POM Wonderful LLC v. Purely Juice, Inc.*, 362 F. App'x 577, 581 (9th Cir.2009) (president authorized and directed the infringing conduct, including the selection of suppliers and decision making).

Here, there are no factual allegations, beyond the insufficient conclusory assertions, about Dr. Blaine's and Mr. Onekea's respective roles within Blaine Labs to connect either of them to the attachment or otherwise explain their role in any sale or marketing of products under the SILBRX brand. Vivera fails to make any factual allegations regarding their respective roles in: (1) any alleged advertising, marketing, or sales; (2) the development of the SILBRX brand; or (3) oversight of and/or sanctioning of the alleged infringement.

## V.   CONCLUSION

Blaine Labs has never sold or offered for sale a product under the brand "SILBRX." Vivera knows this. This is illustrated by the shotgun style, threadbare

pleading of the "factual allegations" section of the Complaint (¶¶ 9-19) and each of the three causes of action (all of which merely list claim elements and incorporate by reference the "factual allegations"). The Lanham Act does not create liability for inchoate infringement claims.

As explained in detail above, all of Vivera's claims against Defendants Blaine Laboratories, Inc., Robert C. Blaine, and Robert Onekea should be dismissed. If Vivera cannot proffer any evidence as to Blaine Labs' actual sale or offer to sell a product using the SILBRX name, which it cannot because no such evidence exists, the court should dismiss all of the causes of action with prejudice. *See Micro/sys, Inc.,* 2015 WL 12748630 at *5.

**CYPRESS LLP**

Dated:  May 1, 2020          By:    */s/ Robert Muller*
                                            Robert Muller
                                            Douglas P. Roy
                                            Jared L. Watkins

                                            Attorneys for Defendants
                                            Blaine Laboratories, Inc., Robert C. Blaine, and
                                            Robert Onekea