# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2160-GW-MAAx | Date | June 4, 2020 |
|---|---|---|---|
| Title | *Vivera Pharmaceuticals, Inc. v. Blaine Laboratories, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Willmore F. Holbrow, III | Robert J. Muller | |

**PROCEEDINGS:** TELEPHONIC HEARING ON DEFENDANTS BLAINE LABORATORIES, INC., ROBERT C. BLAINE, AND ROBERT ONEKEA'S MOTION TO DISMISS COMPLAINT [18]

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court GRANTS the motion as to the claims against the Individual Defendants without prejudice and DENIES the motion as to the claims against Blaine. Plaintiff will have until June 25, 2020 to file a First Amended Complaint.

                                                                                          :    10

                                                        Initials of Preparer    JG

*Vivera Pharmaceuticals, Inc. v. Blaine Laboratories, Inc. et al*; Case No. 2:20-cv-02160-GW-(MAAx)
Tentative Ruling on Defendants' Motion to Dismiss

### I. Background[1]

Plaintiff Vivera Pharmaceuticals, Inc. ("Vivera") brings this trademark infringement action against defendants Blaine Laboratories, Inc. ("Blaine"), Robert Blaine, and Robert Onekea (collectively, "Defendants"). Defendants move to dismiss the entire action for failure to state a claim, arguing that Vivera did not adequately plead any "commercial use" by defendants of the allegedly infringing mark, as required by the Lanham Act.

Vivera, a pharmaceutical company, alleges that it has been using the SILTREX trademark (the "Mark") for pharmaceutical skin products since at least October 2018. Compl. ¶¶ 9-10. SILTREX was registered by Vivera as a trademark on January 7, 2020, covering, among other things, "pharmaceutical preparations and substances for the treatment of damaged skin and tissue." *Id.* ¶ 11.

Vivera alleges that after it began selling products with the Mark, Blaine began marketing and selling similar skin products under the SILBRX brand. *See id.* ¶¶ 12, 14. According to Vivera, Blaine's use of the SILBRX brand infringes on its Mark. Vivera then brought this trademark infringement suit, asserting three causes of action: (1) trademark infringement under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125(a); and (3) an unfair competition law violation premised on the first two claims.

### II. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The court must construe the complaint in the light most favorable to the plaintiff, by accepting all allegations of material fact as true, and drawing all reasonable inferences from well-pleaded factual allegations in favor of the plaintiff. *Gompper v. VISX, Inc.*, 298 F.3d 893,

---

[1] The following abbreviations are used for the filings: (1) Complaint ("Compl"), ECF No. 1; (2) Defendants' Motion to Dismiss ("MTD"), ECF No. 18.

896 (9th Cir. 2002). The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, the plaintiff must provide grounds demonstrating its entitlement to relief. *Twombly*, 550 U.S. at 555 (2007). Under the Supreme Court's decisions in *Twombly* and *Iqbal*, this requires that the complaint contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### III.   Discussion

Defendants argue that Vivera's allegations concerning Blaine's use of the SILBRX brand are "nothing more than a formulaic recitation of the elements" and therefore do not meet the pleading requirements of *Twombly* and *Iqbal*.

A. <u>Whether Vivera adequately pled commercial use</u>

Infringement claims under the Lanham Act are subject to a commercial use requirement. *See Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005). At the pleading stage, this may be satisfied by a plaintiff alleging that the defendant "is using a mark confusingly similar [to] its own" in connection with the sale or advertising of goods or services. *GoTo.Com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000). The commercial use requirement applies to both Vivera's infringement claim under 15 U.S.C. § 1114 for registered trademarks (prohibiting "use in commerce" of an infringing mark) and its false designation of origin claim under 15 U.S.C. § 1125(a) (also requiring "use[] in commerce"). *See Bosley*, 403 F.3d at 676. Here, Vivera alleged that Blaine began "marketing and selling" the infringing SILBRX products, and attached in its complaint an image of what appears to be the exterior packaging of one of these SILBRX products ("Accused Product Image"). *See* Compl. Exh. A.

Defendants argue that Vivera has not adequately pled any commercial use by the Defendants, and in fact claim that "Blaine Labs has never sold or offered for sale any product in connection with the accused infringing name SILBRX." MTD at 2. Defendants point out that "Vivera does not identify what the [Accused Product Image] purports to be, who created it, where it was obtained, or how it was actually used to offer for sale or sell a product." MTD at 9. Without more specific "allegations of advertising or sales," Defendants contend that the Court "can only speculate as to whether infringing conduct has occurred." *Id.*

The Court finds that Vivera has adequately pled the commercial use requirement.

2

Defendants cite to two district court decisions that they argue support a dismissal here.  *See Micro/sys, Inc. v. DRS Techs., Inc.*, 14-cv-3441-DMG, 2015 WL 12748630 (C.D. Cal. Feb. 13, 2015); *Eclipse Group LLP v. Eclipse IP LLC*, 13-cv-1902-JAH, 2014 WL 2511576 (S.D. Cal. June 3, 2014).  However, those cases concerned plaintiffs that alleged activities which the courts found did not consitute commercial use: in *Micro/sys*, the court found that USPS's alleged use was not intended "to confuse potential consumers;" in *Eclipse*, the plaintiffs alleged use of the mark in patent trolling, but the court found that the patent trolling activity did not constitute commercial use.

Vivera's complaint alleges activities by Blaine – "marketing and selling products" with the allegedly infringing SILBRX mark – which Blaine does not dispute is a commercial use.  The Accused Product Image, while, as noted by Blaine, unaccompanied by any further explanation from Vivera, is more than enough for the Court to be able to "draw the reasonable inference that [Defendants are] liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Defendants' main argument really appears to be that it has never sold or offered for sale any SILBRX goods.  However, this is not an appropriate defense in a motion to dismiss, where a court must accept all material allegations of fact by the plaintiff as true.  *Gompper*, 298 F.3d at 896.  Accordingly, the Court denies Defendants' motion to dismiss the claims against Blaine.

    B.  <u>The liability of the individual defendants</u>

In addition to Blaine, Vivera also named Robert Blaine and Robert Onekea (the "Individual Defendants") as defendants, alleging that they are both a "manager," "member," "operator," and "controlling force" of Blaine and "committed the various acts complained of."  Compl. ¶¶ 5-6.  Vivera appears to assert that the Individual Defendants are liable for the alleged acts of infringement as the alter ego of Blaine (under what the Court assumes to be California law).  To plead an alter ego theory, two elements must be alleged: "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist.  Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone."  *Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 526 (2000).  Conclusory allegations of a defendant's alter ego status are insufficient – a plaintiff must allege facts supporting each of the two elements.  *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1115 (C.D. Cal. 2003).

The complaint does not contain any facts to establish either of the two elements.  There is

only the lone allegation that each of the Individual Defendants is "a manager, member, operator and controlling force" of Blaine. However, there is no information about the ownership structure of Blaine. Because Vivera has not adequately pled alter ego liability, the Court dismisses all claims against the Individual Defendants.

### IV. Conclusion

Based on the foregoing discussion, the Court **GRANTS** the motion as to the claims against the Individual Defendants without prejudice and **DENIES** the motion as to the claims against Blaine.