Albert T. Liou (SBN 180258)
Victor T. Fu (SBN 191744)
**PROSPERA LAW, LLP**
1901 Avenue of the Stars, Suite 480
Los Angeles, California 90067
Telephone:(424) 239-1890
Facsimile: (424) 239-1882
E-mail:  aliou@prosperalaw.com
         vfu@prosperalaw.com

Attorneys for Plaintiff
VIVERA PHARMACEUTICALS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVERA PHARMACEUTICALS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLAINE LABORATORIES, INC., a California corporation;<br><br>Defendant. | Case No.: 2:20-CV-02160-GW (MAAx)<br><br>*(Assigned to The Hon. George H. Wu; Ctrm 9D)*<br><br>**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>Scheduling Conference<br>Date:   December 21, 2020<br>Time:   8:30 a.m.<br>Ctrm:   9D<br><br>Complaint filed: 03/05/2020<br>Amended Complaint filed: 07/07/2020<br>Counterclaims filed: N/A<br>Discovery Cut-Off: Not yet set<br>Expert Discovery Cut-Off: Not yet set<br>Pretrial Conf. Date: Not yet set<br>Trial Date: Not yet set |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1 and this Court's November 24, 2020, Scheduling Order, Plaintiff Vivera Pharmaceuticals, Inc. ("Vivera" or "Plaintiff") and Defendant Blaine Laboratories, Inc. ("Blaine Labs" or "Defendant") (inclusively, the "Parties"), having met and conferred on December 10, 2020, hereby submit the following Joint Fed. R. Civ. Rule 26(f) Report.

**(a)** **STATEMENT OF THE CASE**

    (i)    Plaintiff's Statement

The First Amended Complaint ("FAC") alleges causes of action for Trademark Infringement (15 U.S.C. §1114), False Designation of Origin (15 U.S.C. § 1125(a)) and Unfair Competition against Defendant. As alleged in the FAC, Vivera has been using SILTREX as a trademark ("SILTREX® Mark"), on pharmaceutical preparation and substances for the treatment of damaged skin and tissue since at least as early as October 2018. As a result, Vivera has created a significant amount of goodwill and consumer recognition in the SILTREX® Mark, creating an association, in the minds of purchasers, between Vivera and the SILTREX® Mark. Defendants began marketing and selling products, including without limitation, a gel pad designed for use in the management and prevention of scars, which are the same types of products offered by Vivera under its SILTREX® Mark, under the similar SILBRX brand. Based upon the three causes of action, Vivera seeks compensatory and punitive damages, attorneys' fees and equitable relief.

Although the Court granted Defendants' Motion to Dismiss as to Vivera's Trademark Infringement claim and the claims against Dr. Robert C. Blaine, Vivera contends that that such dismissals should be without prejudice to Vivera's right to amend the FAC to supplement the existing allegations, including, without limitation, additional allegations establishing Vivera's rights to the SILTREX® trademark

registration and Dr. Robert C. Blaine's direction and/or participation in the infringing conduct of Blaine Laboratories, Inc.

(ii) <u>Defendant's Statement</u>

Defendant Blaine Labs asserts that it has been manufacturing and marketing patented gel pads designed for use in the management and prevention of scars under various names for nearly 20 years, i.e., well before October 2018 when Vivera allegedly entered the market. Moreover, the patented gel pads that are manufactured and sold by Blaine Labs are not just the *same types* of products offered by Vivera under its SILTREX® Mark, but are the *actual* patented gel pads that were manufactured by Blaine Labs, which, as alleged in a lawsuit against Vivera in Los Angeles County Superior Court, Case No. 19STCV05281, Vivera stole from Blaine Labs' warehouse as it was vacating the premises after Vivera's proposed acquisition of Blaine Labs fell through.

In addition, Blaine Labs contends that although it did register the Sil-Brx label on DailyMed at a time it was investigating marketing its patented gel pads under the name SIL-Brx, at no time has Blaine Labs marketed, packaged or sold any products under the trademark SIL-Brx. Blaine Labs further denies that authorization by Vivera was needed even had Blaine Labs sold gel pads under the SIL-Brx label, since it is Vivera that is infringing on Blaine Labs' trademark Sil-K, and selling Blaine Labs' patented gel scar pads without permission to do so. Blaine Labs further denies that likelihood of confusion would have occurred even if it had marketed or sold product under the trademark SIL-Brx because SIL-Brx and SILTREX are different in sight, sound and meaning.

Lastly, because Blaine Labs did not package, market or sell a single gel pad under the SIL-Brx mark, and the parties are already embroiled in litigation over return of the allegedly stolen gel pads and Vivera's use of the trademark Sil-K for the same product (which Blaine Labs claims ownership of), this case is frivolous and

simply brought for the purpose of further harassing Blaine Labs and its principal, Dr. Robert Blaine.

**(b)   SUBJECT MATTER JURISDICTION**

This action raises federal questions under 15 U.S.C. §§ 1114 (Federal and 1125(a). This Court additionally has supplemental jurisdiction over the related state law claim asserted in the FAC pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy under Article III of the United States Constitution.

**(c)   INSURANCE**

**Plaintiff:** To the best of Plaintiff's current knowledge, they have no applicable insurance to report.

**Defendant**: To the best of Defendant's current knowledge, they have no applicable insurance to report.

**(d)   MOTIONS TO ADD PARTIES, CLAIMS ETC.**

The Parties do not intend to add additional parties or claims at this time. The Parties expressly reserve the right to seek leave to do so in the event discovery reveals the identity of additional wrongdoers or facts.

**(e)   MANUAL FOR COMPLEX LITIGATION**

The Parties do not believe that this is a complex case such that the Manual for Complex Litigation should be utilized.

**(f)   DISCOVERY PLAN**

(i)   Rule 26(f)(3)(A): Initial Disclosures

The Parties shall make their individual disclosures under Fed. R. Civ. P. 26(a) by January 8, 2020.

(ii)   Rule 26(f)(3)(B): Subjects and Timing of Discovery

The Parties intend to conduct discovery on the claims and defenses alleged in the FAC (or such further amended pleadings). The Parties proposed dates for the non-expert discovery cut-off are set forth in the attached Schedule of Pre-Trial and Trial Dates Worksheet. The subjects for relevant discovery include (i) Vivera's

SILTREX trademark registration and related goodwill and use of said mark; (ii) Defendant's knowledge of Vivera's SILTREX trademark registration and related commercial use of said mark; (iii) Defendant's commercial use of the allegedly similar SILBRX mark; and (iv) Defendant's affirmative defenses, including without limitation, unclean hands. The Parties proposed dates for the non-expert discovery cut-off are set forth in the attached Schedule of Pre-Trial and Trial Dates Worksheet.

      (iii)   <u>Depositions</u>

The Parties do not presently anticipate needing more than the ten (10) depositions permitted pursuant to Fed. R. Civ. P. 30. Each Party expressly reserves the right to seek additional depositions through either stipulation or leave of Court. The Parties will meet and confer regarding the scheduling of depositions and expect that they will be able to agree to a mutually acceptable schedule.

      (iv)   <u>Written Discovery</u>

Having conducted the Rule 26(f) conference, the Parties anticipate propounding written discovery, including document requests, requests for admissions, and interrogatories.

      (v)   <u>Rule 26(f)(3)(C): Discovery of Electronically Stored Information</u>

At present, the Parties are not aware of any issues regarding electronically stored information. The Parties agree to meet and confer in good faith to resolve any disputes regarding the production of electronically stored information.

      (vi)   <u>Rule 26(f)(3)(D): Claims of Privilege or Work Product</u>

The Parties agree to maintain a privilege log for any claims of privilege or protection of trial-preparation materials. The Parties anticipate entering into a Stipulated Protective Order to address the production of confidential, proprietary or otherwise privileged materials and information

      (vii)   <u>Rule 26(f)(3)(E): Limitations or Changes to Discovery</u>

Not applicable.

**(g) DISCOVERY CUT-OFF**

The Parties' proposed cut-off dates for fact discovery are set forth in the attached Schedule of Pre-Trial and Trial Dates Worksheet attached hereto.

**(h) EXPERT DISCOVERY**

The Parties' proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2) are set forth in the Schedule of Pre-Trial and Trial Dates Worksheet attached hereto.

**(i) DISPOSITIVE MOTIONS**

The Parties anticipate filing motions for summary judgment or partial summary judgment following the completion of discovery. The proposed schedule for hearing these motions is set forth in the Schedule of Pre-Trial and Trial Dates worksheet attached hereto.

**(j) SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

The Parties have agreed to ADR Procedure No. 2 (the Court's Mediation Panel).

**(k) TRIAL ESTIMATE**

(i) Trial Length

Plaintiff: Plaintiff has demanded a trial by jury for claims alleged in the FAC. Plaintiff estimates that the trial will last approximately five (5) to seven (7) court days.

Defendant: Defendant estimates that the trial will last approximately five (5) to seven (7) court days.

The Parties proposed trial dates are set forth in the Schedule of Pre-Trial and Trial Dates worksheet attached hereto.

(ii) Trial Witnesses

Plaintiff anticipates calling approximately 5-8 witnesses (including experts) at trial.

Defendant anticipates calling approximately 5-8 witnesses (including experts) at trial.

**(l)   TRIAL COUNSEL**

    (i)   Plaintiff

Albert T. Liou (SBN 180258)

Victor T. Fu (SBN 191744)

PROSPERA LAW, LLP

1901 Avenue of the Stars, Suite 480

Los Angeles, California 90067

    (ii)   Defendant

C. Keith Greer, Esq. (SBN 135537)

C. Tyler Greer, Esq. (SBN 320485)

GREER & ASSOCIATES, A.P.C.

16855 W. Bernardo Drive, Suite 255

San Diego, CA 92127

**(m)   INDEPENDENT EXPERT OR MASTER**

The Parties do not anticipate needing an independent expert or master appointed in this case.

**(n)   TIMETABLE**

See the attached Schedule of Pre-Trial and Trial Dates Worksheet.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**(o)  OTHER ISSUES**

None.

Dated: December 17, 2020          **PROSPERA LAW, LLP**

By:  /s/     Victor T. Fu
    ALBERT T. LIOU
    VICTOR T. FU
Attorneys for Plaintiff
VIVERA PHARMACEUTICALS, INC.

Dated: December 17, 2020          **GREER & ASSOCIATES, A.P.C.**

By:  /s/     C. Keith Greer
    C. KEITH GREER
    C. TYLER GREER
Attorneys for Defendant
BLAINE LABORATORIES, INC.

# EXHIBIT A

## JUDGE GEORGE H. WU

## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:20-CV-02160-GW (MAAx) | | | |
|---|---|---|---|---|
| Case Name | *Vivera Pharmaceuticals, Inc. v. Blaine Laboratories, Inc., et al.* | | | |

| Matter | | Plaintiff's Date mo/day/year | Defendant's Date mo/day/year | Court Order |
|---|---|---|---|---|
| [X] Jury Trial or [ ] Court Trial (**Tuesday at 8:30 a.m.**) | | 01/18/2022 | 01/18/2022 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* (**Mondays at 11:00 a.m.** – **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs.) | | 12/27/2021 | 12/27/2021 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo/day/year | Defendant's Date mo/day/year | Court Order |
|---|---|---|---|---|
| Last Day to Hear Motion to Amend Pleadings/Add Parties | | 03/01/2021 | 03/01/2021 | |
| Non-Expert Discovery Cut-Off **PHASE 1** (at least 4 weeks before last date to hear motion) | 18 | 09/20/2021 | 09/20/2021 | |
| Expert Disclosure (Initial) | | 08/20/2021 | 08/20/2021 | |
| Expert Disclosure (Rebuttal) | | 09/17/2021 | 09/17/2021 | |
| Expert Discovery Cut-Off | 14* | 10/18/2021 | 10/18/2021 | |
| Motion for Summary Judgment | | | | |
| Opposition to motion for summary judgment | | | | |
| Reply for Summary Judgment | | | | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | 10/18/2021 | 10/18/2021 | |

9

**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**

| Event | Weeks Before Trial | Plaintiff(s)' Date mo/day/year | Defendant's Date mo/day/year | Court Order |
|---|---|---|---|---|
| Last Date to Conduct Settlement Conference | 12 | 11/1/2021 | 11/01/2021 | |
| For Jury Trial<br><br>• File Memorandum of Contentions of Fact and Law, LR 16-4<br>• File Exhibit and Witness Lists, LR 16-5.6<br>• File Status Report Re Settlement<br>• File Motions *In Limine* | 6 | 12/06/2021 | 12/06/2021 | |
| For Jury Trial<br><br>• Lodge Pretrial Conference Order, LR 16-7<br>• File Agreed Set of Jury Instructions and Verdict Forms<br>• File Statement Re Undisputed Instructions, Verdicts, etc.<br>• File Oppositions to Motions *In Limine* | 5 | 12/13/2021 | 12/13/2021 | |

*The parties may choose to cut off expert discovery prior to MSJ briefing.

# PROOF OF SERVICE

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1901 Avenue of the Stars, Suite 480, Los Angeles, California 90067-2516.

On **December 17, 2020**, I served the foregoing document described as follows:

**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**

on the interested parties in this action addressed as follows:

| | |
|---|---|
| C. Keith Greer, Esq.<br>C. Tyler Greer, Esq.<br>**GREER AND ASSOCIATES, A.P.C.**<br>16855 W. Bernardo Drive, Suite 255<br>San Diego, CA 92127<br>Email: keith.greer@greerlaw.biz<br>tyler.greer@greerlaw.biz | *Attorneys for Defendant*<br>*BLAINE LABORATORIES, INC.;* |
| Robert Muller, Esq.<br>Douglas P. Roy, Esq.<br>Jared L. Watkins, Esq.<br>CYPRESS LLC<br>11111 Santa Monica Blvd., #500<br>Los Angeles, CA 90025<br>Email: bob@cypressllp.com;<br>doug@cypressllp.com<br>jared@cypressllp.com | *Attorneys for Defendant*<br>*BLAINE LABORATORIES, INC.;* |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

_____
Fran Castro

PROOF OF SERVICE